Civil action to recover damages for alleged trespass in wrongfully cutting timber on plaintiff's land.
On 25 September, 1934, the plaintiff, by deed duly executed, sold to J. L. Bullard, for a consideration of $3,050.00, "all the sawable timber on the following described lands, owned by party of the first part, situate in Tyro Township (Davidson County), adjoining the lands of Byerly and Jordan, J. A. Myers' heirs, Gid Sink and others, known as the Betsy Sowers land and containing about one hundred (100) acres, more or less."
On 23 August, 1935, J. L. Bullard assigned and conveyed all his right, title and interest in said timber to the Piedmont Lumber Company.
Thereafter, on 20 November, 1935, the plaintiff, for a consideration of $550.00, repurchased from the Piedmont Lumber Company all the uncut timber then on the land and covered by the original timber deed.
It is alleged that the defendants, during the time they were cutting and removing the timber conveyed in this deed, overstepped the boundaries of the "Betsy Sowers" tract and cut a quantity of timber on an adjoining tract of 36 acres, belonging to the plaintiff, and known as the "Leonard land."
There was evidence tending to show that the defendants cut timber on the tract designated by the plaintiff as the "Leonard land," but they contend that it was embraced within the boundaries of their deed. *Page 656 
The plaintiff admitted that he had been paid for all the timber covered by the contract, and further testified: "There is nothing in the contract to show just where the timber is located."
Conrad Michael, witness for plaintiff, testified in part, as follows: "I am a nephew of the plaintiff. . . . My uncle owned various tracts of land in the neighborhood — one known as the Sowers place. . . . The property involved in this case is known in that section as the Sowers place. . . . My uncle described the land that he wanted me to sell the timber on. (Witness draws sketch on board to illustrate). My uncle says there was about 100 acres in those boundaries . . . The 100 acres described in the deed known as the Betsy Sowers (place) is the land inside the marks drawn by me. The land he is now calling the `Leonard land' is included in that tract. . . . The tract was known and called the Sowers place. That is the way it was put in the contract. . . . After uncle asked me to sell it, and I found a buyer in Bullard, I went out there with Bullard. I showed him the boundaries that I am now showing the court and jury. I sold him the timber on the 100 acres in these boundaries for $3,050.00 as agent for my uncle. . . . I didn't see any trees cut outside of the boundaries. . . . I went out there about the time my uncle bought the timber back. There had been no timber cut outside of the lines that I have just described that I know of. . . . The drawing I have made on the board, as I understand it, is the land uncle asked me to sell the timber on as his agent. There was no timber cut outside of these boundaries to my knowing, and I was out there after they quit cutting."
W. F. Brown was named as a defendant because the plaintiff did not know whether the timber in question was cut by him individually or by the corporate defendant of which he is president.
From judgment of nonsuit entered at the close of plaintiff's evidence, he appeals, assigning error.
The testimony of plaintiff's nephew and agent, Conrad Michael, who negotiated the sale, is in full support of the judgment of nonsuit. The record discloses that plaintiff has been paid for all timber cut by the defendants. The timber was sold according to the boundaries pointed out by plaintiff's agent. The uncut portion of the timber was later repurchased according to the same boundaries. "That is the way it was put in the contract," says Conrad Michael, and "the land uncle is now calling the `Leonard land' is included in that tract." Plaintiff admits, "there is nothing in the contract to show just where the timber *Page 657 
is located." An aider under the doctrine of id certum est, etc., is required for its exact location. R. R. v. Olive, 142 N.C. 257,55 S.E. 263.
As we understand the record and interpret it, the plaintiff has no just cause for complaint. The timber cut was the timber which the plaintiff sold and the defendants bought. The nonsuit will be sustained.
Affirmed.